UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAINA TROCANO, an individual,

    Plaintiff,

v.                                      Case No.:  2:23-cv-645-JES-KCD

MICHAEL VIVALDI and
AMERICAN AIRLINES GROUP,
INC.,

    Defendants.
_____/

## ORDER

Plaintiff Alaina Trocano sues her former employer (American Airlines) and a former coworker (Michael Vivaldi). She claims Vivaldi led a group of flight attendants that harassed her after she attended demonstrations at the Capitol Building on January 6, 2021. As for American Airlines, it allegedly allowed Vivaldi's hostile conduct and otherwise discriminated against her. (*See* Doc. 4.)[1]

Trocano now moves to amend the complaint under Federal Rule of Civil Procedure 15. (Doc. 44.) First, she claims "the right to file an amended complaint" because neither party has docketed "a responsive pleading." (*Id.* at

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

4-5.) Alternatively, Trocano requests "leave to amend." (*Id.* at 16.) Neither argument is a winner.

Trocano is correct that Rule 15 allows amendment "once as a matter of course." Fed. R. Civ. P. 15(a)(1). But this right expires "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Id.* at 15(a)(1)(B). American Airlines moved under Rule 12(b)(6) back in August. (*See* Doc. 9.) Consequently, Torcano's right to amend the complaint expired long before she filed the instant motion in November. *See Saito v. Lewis*, No. 2:23-CV-266-SPC-KCD, 2023 WL 4759311, at *1 (M.D. Fla. July 26, 2023) ("[A] plaintiff's chance to amend a complaint as a matter of right concludes 21 days after the first defendant files a Rule 12(b) motion or responsive pleading.").

Trocano's request for leave to amend also falls short. Rule 15 instructs courts to "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). But that is not the only standard in play. When the amendment deadline in the scheduling order has passed, as here, Rule 16 also applies. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Rule 16 commands district courts to issue a scheduling order that "limit[s] the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once such an order has issued, the "schedule may be modified only for good cause." *Id.* at (b)(4). Good cause requires diligence. Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The deadline for Trocano to amend her complaint lapsed several days before she filed the instant motion. Meaning Rule 16's good cause standard applies. Yet Trocano makes no argument about good cause or diligence in her motion. Instead, she merely claims to meet Rule 15. (Doc. 39 at 2.) Trocano's failure to present any argument under Rule 16 ends the inquiry and prevents the Court from awarding relief. *See, e.g.*, *Gallagher Benefit Servs., Inc. v. Campbell*, No. 1:19-CV-00836-SDG, 2020 WL 3404935, at *2 (N.D. Ga. June 11, 2020).

Accordingly, Plaintiff Alaina Trocano's Motion for Leave to Amend (Doc. 44) is **DENIED**.

**ORDERED** in Fort Myers, Florida on December 6, 2023.

3

_____
Kyle C. Dudek
United States Magistrate Judge