UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAINA TROCANO,

    Plaintiff,

v.                                      Case No.:  2:23-cv-645-JES-KCD

MICHAEL VIVALDI and
AMERICAN AIRLINES GROUP,
INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Alaina Trocano's second request to amend the complaint. (Doc. 55.)[1] The motion fails because she did not comply with Local Rule 3.01(g), nor attach a copy of the amended complaint.

Local Rule 3.01(g) requires that the movant certify they conferred with the opposing party, and if the motion is opposed, they must explain the means by which the conference occurred. *See* Local Rule 3.01(g)(2). The certification here merely states that Defendants object. (Doc. 55 at 14.) In his response, Defendant Michael Vivaldi provides a full picture of what took place. (Doc. 56 at 2-4; Doc. 56-1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The conferral illustrated by Vivaldi's exhibits falls woefully short. Local Rule 3.01 is intended to head off exactly what occurred here–ultimatums exchanged by email. "[T]he term 'confer' requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not 'conferred.'" (Doc. 5 at 6-7.) "The court strictly enforces the motion-related conference requirement[.]" (*Id.* at 6.) Enough said.

The motion also fails because Trocano has not disclosed the amended complaint. A party seeking leave to amend "must either attach a copy of the proposed amendment to the motion or set forth the substance thereof." *United States ex rel. v. 84Partners, LLC v. Nuflo, Inc.*, 47 F.4th 1353, 1363 (11th Cir. 2023). Trocano all but ignored these requirements. Instead, she merely points to the docket, stating that the proposed amended complaint is at Doc. 42. But that filing has been stricken (*see* Doc. 45), and in any event, Doc. 42 appears incomplete as it cites two attachments that are missing. (*See* Doc. 42 ¶¶ 11, 94.) Trocano's motion does not otherwise set forth the substance of the amended complaint. Without a full picture of the facts that Trocano alleges to support her claims, Defendants are left to guess as to the arguments that may be raised in opposition.

Because Trocano has filed to meet the basic procedural requirements in seeking leave to amend, her request must again be denied. Accordingly, it is

**ORDERED**:

Plaintiff's Motion for Leave to Amend (Doc. 55) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida this January 4, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record