UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAINA TROCANO, an individual,

     Plaintiff,

v.                               Case No.:  2:23-cv-645-JES-KCD

MICHAEL VIVALDI and
AMERICAN AIRLINES, INC.,

     Defendants.
_____/

## ORDER

Plaintiff Alaina Trocano sues her former employer (American Airlines) and a former coworker (Michael Vivaldi). She claims Vivaldi led a group of flight attendants that harassed her after she attended demonstrations at the Capitol Building on January 6, 2021. As for American Airlines, it allegedly allowed Vivaldi's hostile conduct and otherwise discriminated against her. (*See* Doc. 4.)[1]

The Court previously denied Trocano's request to amend the complaint because she did not satisfy Rule 16's good cause standard. (Doc. 54.)  Trocano now tries again, arguing there is grounds to allow the amendment. (Doc. 61.) Defendants respond that Trocano still provides no explanation for good cause

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

or diligence. (Doc. 62.) For the reasons below, Defendants have the better argument.

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15. Yet that is not the only standard in play. When the amendment deadline in the scheduling order has passed, as here (*see* Doc. 21), Rule 16 also applies. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Rule 16 commands district courts to issue a scheduling order that "limit[s] the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once such an order has issued, the "schedule may be modified only for good cause." *Id.* at (b)(4). Good cause requires diligence. Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Trocano moves to amend the complaint to "focus on later occurrences of defamation" that she says happened after the case was filed. (Doc. 61 at 11-12.) Although not stated clearly, Trocano seems to suggest that amending the

complaint is needed to address new claims that could not have been brought at the outset. But the deadline to amend pleadings was in November 2023. And all the factual allegations Trocano seeks to add occurred from August to October 2023. (Doc. 61 at 11-12.) Thus, with diligence, it would seem Trocano could have amended the complaint to include the new allegations before the deadline ran.

The question of Trocano's diligence focuses on whether she could have discovered the facts and learned of the need for the amendment before the deadline. She offers nothing further material to this inquiry. *See Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09CV225/MCR/MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) ("[T]he moving party cannot establish the diligence necessary to show good cause if . . . [he] failed to seek the needed information before the deadline.").

Rather than focus on diligence, which as mentioned is the touchstone of Rule 16, Trocano discusses prejudice and its apparent absence. (*See* Doc. 61 at 8-9.) But prejudice is irrelevant without first showing diligence. "If [a] party was not diligent, the [good cause] inquiry" ends. *Yergey v. Brinker Fla., Inc.*, No. 6:20-CV-917-ORL-37-LRH, 2021 WL 3729254, at *5 (M.D. Fla. Jan. 28, 2021); *see also Taylor v. Genesee & Wyoming, Inc.*, No. 3:13-CV-1250-J-39MCR, 2015 WL 12838173, at *2 (M.D. Fla. Jan. 6, 2015) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.").

Trocano also argues that the amendment "will promote efficiency and the effective administration of justice." (Doc. 61 at 9-10.) But Rule 16 cannot be circumvented to reach a result that some may perceive as more just. To the contrary, Rule 16 "is strictly enforced." *Rogers v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 12-0019-WS-B, 2012 WL 2395194, at *1 (S.D. Ala. June 22, 2012).

At bottom, Trocano does not explain what further facts were necessary to solidify these allegations now rather than before the amendment deadline. *See Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (finding undue delay where party did not explain why she could not have discovered and included claim in original pleading); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial where "[t]he facts upon which the claims ... were based were available at the time the complaints were filed"). Accordingly, Trocano's Motion for Leave to file an Amended Complaint (Doc. 61) is **DENIED**.[2]

**ORDERED** in Fort Myers, Florida on February 20, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[2] *See Palmore v. Hicks*, 383 F. App'x 897, 899-900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."); *see also Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006).