UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAINA TROCANO, an individual,

    Plaintiff,

v.                                    Case No: 2:23-cv-645-JES-KCD

MICHAEL VIVALDI, an individual and AMERICAN AIRLINES, INC., a foreign profit corporation,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Michael Vivaldi's Motion for Rule 11 Sanctions (Doc. #40) filed on November 3, 2023. Plaintiff filed a Response in Opposition (Doc. #48) on November 27, 2023. Also before the Court is plaintiff's Motion to Abstain From Jurisdiction of Claims Against Defendant Michael Vivaldi (Doc. #70) and defendant's Response in Opposition to Plaintiff's Motion to Abstain From Jurisdiction and Requests for Dismiss With Prejudice and/or Award of Attorneys' Fees (Doc. #73). Plaintiff filed a Response in Opposition (Doc. #76) (Reply) to the requests to dismiss on April 24, 2024.

**I.**

On July 14, 2023, plaintiff Alaina Trocano (plaintiff or Trocano) filed a Complaint (Doc. #1-1) against Michael Vivaldi (Vivaldi) and American Airlines Group, Inc. (American Airlines) in

state court. On August 10, 2023, Vivaldi filed a *pro* se Answer (Doc. #11) in state court, although the document also included a request that the case be dismissed. On August 21, 2023, American Airlines removed the case to federal court based upon federal question jurisdiction. (Doc. #1.) The Complaint (Doc. #4) was docketed in federal court on August 22, 2023. Counsel appeared on behalf of Vivaldi as of October 2, 2023. (Docs. ## 13, 14.)

Vivaldi's attorney sought leave to file an amended motion to dismiss (Doc. #15), which was opposed by plaintiff. (Doc. #36.) On October 12, 2023, while the motion was pending, Vivaldi's counsel served (but did not file) plaintiff's attorney with a motion for Rule 11 sanctions and requested the opportunity to discuss the matter. (Doc. #48-1 at 10.) On October 31, 2023, the Magistrate Judge granted leave to file an amended motion to dismiss. (Doc. #38.) The Amended Motion to Dismiss, To Strike Claims for Attorneys' Fees, and to Transfer (Doc. #39) was docketed on October 31, 2023.

On November 1, 2023, counsel for plaintiff conferred by email with counsel for defendant, indicating he was looking at amending the complaint as to the claims against Vivaldi and asking if counsel objected to an amendment. (Doc. #48-1 at 7.) In apparent response, on November 3, 2023, defense counsel filed Defendant Michael Vivaldi's Motion for Rule 11 Sanctions (Doc. #40), presently before the Court.

On November 9 and 10, 2023, plaintiff filed an Amended Complaint (Doc. #41) and a Corrected Amended Complaint (Doc. #42) respectively. On November 13, 2023, the Magistrate Judge directed plaintiff to file a notice as to whether counsel had obtained the consent of the opposing parties to file the amended complaints, stating that the pleadings would be stricken if consent had not been obtained. (Doc. #43.)

In a November 14, 2023 email, plaintiff's counsel informed Vivaldi's counsel that the Corrected Amended Complaint (Doc. #42) was the complaint plaintiff would rely on, asked if counsel objected to the amendment, and opined that the amended complaint mooted the pending motion for sanctions. (Doc. #48-1 at 7.) By responsive email dated November 15, 2023, Vivaldi's counsel did object, and opined that the amended complaint did not cure the issues raised in the motion for sanctions. (Doc. #48-1 at 1.)

On November 17, 2023, plaintiff filed a Motion for Leave to Amend and Notice in Response (Doc. #44) indicating that both defendants objected to the request to amend the complaint. Both defendants also filed Responses (Docs. ## 50, 51) in opposition to plaintiff's motion for leave to file an amended complaint. Based on the Notice from plaintiff, the Magistrate Judge struck both the Amended Complaint and the Corrected Amended Complaint. (Doc. #45.) The Magistrate Judge further directed plaintiff to show

cause for failure to respond to the motion for sanctions and Vivaldi's amended motion to dismiss. (Docs. ## 46-47.)

On November 27, 2023, Trocano filed a Response in Opposition (Doc. #48) to the motion for sanctions. Trocano also filed a Response (Doc. #52) in opposition to Vivaldi's Motion to Dismiss her original Complaint and two Responses to Order to Show Cause (Docs. ## 49, 53) arguing that the amendment of the complaint should be permitted to cure all issues raised in the request for sanctions and in the motion to dismiss.

On December 6, 2023, the Magistrate Judge denied plaintiff's motion to amend the complaint. The Magistrate Judge noted that amendment as of right expired long before the motion was filed, and that Rule 16's good cause standard applied and had not been satisfied. (Doc. #54.) On December 20, 2023, plaintiff filed a Second Motion For Leave to Amend (Doc. #55). Vivaldi opposed the motion. (Doc. #56.) On January 4, 2024, the motion was denied without prejudice by the Magistrate Judge because of procedural deficiencies. (Doc. #58.)

On February 8, 2024, Plaintiff's Third Motion For Leave to Amend Complaint (Doc. #61) was filed. Vivaldi opposed the Third Motion. (Doc. #62.) On February 20, 2024, the Magistrate Judge entered an Order (Doc. #67) denying plaintiff's Third Motion because the motion could have been made before the deadline to

amend the pleadings had expired and plaintiff did not demonstrate due diligence for the failure to do so.

On or about March 7, 2024, plaintiff filed a complaint against Vivaldi in state court in Orange County, Florida. This complaint essentially asserts the claims which plaintiff would have asserted in her federal amended complaint if she had been allowed leave to file one. (Docs. ## 69, 70 at ¶ 8.)

On March 12, 2024, the District Court issued an Opinion and Order (Doc. #68) granting Vivaldi's Amended Motion to Dismiss (Doc. #39), dismissing Counts I and II against Vivaldi because the 2021 statements in the still-operative original Complaint were clearly time-barred. The Order further provided that "Plaintiff may file an Amended Complaint within **twenty-one (21) days** of the Opinion and Order." (Doc. #68, p. 21) (emphasis in original).

Plaintiff did not file an Amended Complaint in federal court. Plaintiff asserts that instead of filing an amended federal complaint, she "will proceed with the state court case against Defendant Vivaldi." (Doc. #70 at ¶ 12.)

On April 3, 2024, plaintiff filed a Motion to Abstain From Jurisdiction of Claims Against Defendant Michael Vivaldi (Doc. #70). After summarizing the procedural history, this motion asks the Court to "abstain from exercising any further jurisdiction over the claims against Vivaldi and let the state court proceeding adjudicate those interests." (Id. at 4.)

Defendant filed a Response in Opposition to Plaintiff's Motion to Abstain From Jurisdiction and Requests for Dismiss With Prejudice and/or Award of Attorneys' Fees. (Doc. #73.) Defendant seeks to have the Court expand the relief to constitute a substantive determination of the claim and all possible claims plaintiff could have brought against Vivaldi.

## II.

Two motions are currently before the Court. The first seeks Rule 11 sanctions against both plaintiff and her attorney. The second essentially seeks to clarify the role of the federal court going forward as to plaintiff's claims against Vivaldi. For the reasons set forth below, no Rule 11 sanctions are warranted, and no abstention order is needed since the federal court has no foreseeable role in the state court proceedings against Vivaldi.

### A.

Vivaldi seeks the imposition of Rule 11 sanctions against both plaintiff and her attorney because the action brought against him was frivolous and brought in bad faith. (Doc. #40, p. 1.) Vivaldi asserts that the original Complaint was frivolous because (1) it was clearly barred by the statute of limitations, which is apparent from the face of the Complaint; (2) the alleged defamatory statements are protected by the First Amendment because they (a) relate to matters of public concern, (b) constitute opinion and rhetorical hyperbole, and (c) Trocano is at least a limited public

figure and cannot demonstrate Vivaldi's knowledge of falsity or actual malice; and (3) Vivaldi did not write the Petition giving rise to the claims against him.  (Id. at 2, 3-5, 10-16.)

At the time of plaintiff's Response, her attempts to file an amended complaint were still in progress.  Plaintiff argues that the proposed amended complaint will moot the motion for sanctions. (Doc. #48, p. 2.)  As we now know, leave to amend was denied by the magistrate judge, the motion to dismiss the original complaint was granted by the district court, and only then was plaintiff granted leave to file an amended complaint.  By that time, plaintiff had filed an action in state court against Vivaldi alleging events in 2023 which are within the statute of limitations.  (Doc. #73-1.)  The Court finds that the motion for sanctions has not been mooted by the course of events in this case.

When presenting a motion or pleading to the Court, the attorney is certifying that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

>   **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4).  Rule 11 sanctions are properly assessed when a party files a pleading that: (1) "has no reasonable factual basis," (2) "is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law," or (3) is made "in bad faith for an improper purpose."  Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (citation omitted).  "The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances.'" United States v. Milam, 855 F.2d 739, 743 (11th Cir. 1988) (citation omitted); Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (Also, "what was reasonable to believe at the time" (citations omitted)).

   If the Court finds that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).  "In assessing

the propriety of Rule 11 sanctions, this Court asks: '(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010) (citation omitted).

The Court finds that sanctions are not appropriate because Vivaldi has not satisfied the Rule 11 standard. Plaintiff's initial pursuit of claims outside the statute of limitations was proper because the statute of limitations is an affirmative defense, Wainberg v. Mellichamp, 93 F.4th 1221, 1224 (11th Cir. 2024), which can be waived or forfeited if not asserted by defendant, R&R Int'l Consulting LLC v. Banco do Brasil, S.A., 981 F.3d 1239, 1245 (11th Cir. 2020). The case clearly involved disputed facts, and First Amendment principles require a discriminating approach to this type of defamation claim. Neither of these factors justify Rule 11 sanctions in this case. Additionally, plaintiff did not amend when granted leave to do so, having filed suit against Vivaldi in state court, and is not pursuing the barred claims. There is no evidence of bad faith, no matter how far apart the parties may be as to the facts and law. The Court declines to impose sanctions against Vivaldi.

**B.**

Plaintiff asks the Court to "abstain from exercising any further jurisdiction over the claims against Vivaldi and let the

state court proceeding adjudicate those interests." (Doc. #70 at 4.) Vivaldi opposes the request and asks for relief far beyond anything he can reasonably expect, i.e., that the federal case against him be dismissed with prejudice, regardless of whether the claims are within the statute of limitations period. Alternatively, Vivaldi asks that if the case is dismissed without prejudice, plaintiff be required to pay attorney fees incurred in defense of the federal lawsuit.

Trocano has no claim against Vivaldi pending in this federal case. The district court dismissed the original Complaint but gave plaintiff the opportunity to file an amended complaint. Trocano declined to exercise that option, and the time to do so has expired. There is nothing pending in federal court against Vivaldi from which the court must (or can) abstain, no matter which of the several abstention doctrines are relied upon. The District Court's dismissal order was not a determination on the merits and became a final order when the time period allowed for amendment expired. Stevens v. Plumbers & Pipefitters Loc. 219, 812 F. App'x 815, 818 (11th Cir. 2020) (citing Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 (11th Cir. 2006)).

The dismissal was based on the statute of limitations and plaintiff did not file an amended federal complaint. The dismissal was without prejudice, and there is no justification to

change it to a dismissal with prejudice or add any of the conditions now sought by Vivaldi.

Accordingly, it is hereby

**ORDERED:**

1. Michael Vivaldi's Motion for Rule 11 Sanctions (Doc. #40) is **DENIED.**

2. Plaintiff's Motion to Abstain From Jurisdiction of Claims Against Defendant Michael Vivaldi (Doc. #70) is **DENIED as moot.**

3. Michael Vivaldi's Requests for Dismiss With Prejudice and/or Award of Attorneys' Fees (Doc. #73) is **DENIED.**

4. The case shall proceed as to American Airlines, Inc. only on the remaining counts and the Clerk shall terminate Vivaldi as a party until the conclusion of the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of May 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record